# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EVANS EQUIPMENT COMPANY, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NBS TRUCKING, LTD., NAVISTAR ) <br> FINANCIAL CORPORATION, and ) <br> JAMES J. RYCHCIK, Individually, ) <br> ) <br> Defendants. ) | CAUSE NO. 1:09-CV-344 |

## OPINION AND ORDER

On December 3, 2009, Plaintiff filed suit in this Court, advancing several contractual claims against the Defendants. (Docket # 1.) In its Complaint, the Plaintiff states that it is an Indiana corporation with its principal office in Butler, Indiana. (Compl. ¶ 1.) The Complaint also alleges that Defendant NBS is a Pennsylvania corporation with its last known registered office in Bradford, Pennsylvania, but is currently accepting service of process at its office in Spring Creek, Pennsylvania. (Compl. ¶ 2.) Plaintiff further alleges that Defendant Navistar is a Delaware corporation with its last known registered office in either Wilmington, Delaware or Schaumburg, Illinois (Compl. ¶¶ 3, 19) and that Defendant Rychcik is a Pennsylvania resident. (Compl. ¶ 4.) The Plaintiff claims that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because the parties are residents of different states and the amount in controversy exceeds $75,000. (Compl. ¶ 5.) Plaintiff's jurisdictional allegations, however, are inadequate.

Corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp*., 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Plaintiff has

only provided the state of incorporation and the location of a principal office for itself and the state of incorporation and location of a registered office for Defendants NBS and Navistar (and in the case of Navistar, conflicting office locations). The Plaintiff must therefore amend its complaint to properly allege the state of incorporation and principal place of business for itself and Defendants NBS and Navistar.

The Plaintiff also alleges that Defendant Rychcik is a Pennsylvania resident. The "residency" of a party is meaningless for purposes of diversity jurisdiction, however, as "citizenship is what matters."[1] *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot*, 469 F.3d at 677-78. "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence."). Consequently, the Plaintiff must also amend its Complaint to properly allege Defendant Rychcik's citizenship.

Therefore, the Plaintiff is ORDERED to file an amended Complaint forthwith, properly

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Furthermore, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, LP*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992).

alleging its own citizenship and that of each Defendant.


SO ORDERED.

Enter for December 7, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge